The evidence presented a jury question on the issue of liability. The jury was free to find that appellant’s operator was negligent in that, at the time of the first collision between plaintiffs’ car and the Stukey trailer, he had ample time and space in which to avoid running into the rear of plaintiffs’ ear; or if he did not have ample time and space, he was not far enough behind plaintiffs to be in a position to avoid the accident; and, therefore, appellant’s operator was not operating his truck in such a manner as not to endanger plaintiffs’ life and property. The theory of emergency, which is the basis of appellant’s argument, was not charged by the court in connection with appellant, and he took no exception to the charge, nor did he make any requests. Nor may the judgment be reversed because of the admission of Dr. Papa’s testimony that, if there is no union as the result of a bone-grafting operation which must be performed, the leg of plaintiff husband may have to be amputated. The objection to Dr. Papa’s testimony was made by counsel for another defendant and not by this appellant. Moreover, the same testimony by Dr. Child was not objected to by anyone and, therefore, the testimony of Dr. Papa was not prejudicial. Carswell, Acting *690 P. J., Johnston, Adel and MacCrate, JJ., concur; Wenzel, J., dissents and votes to reverse and grant a new trial, with the following memorandum: The appellant was an unwilling actor in an unforeseen tragedy, which was not precipitated by any act of his. There was no pause in the chain of events which culminated in the final impact between plaintiffs’ ear and his truck. His driver was faced with an emergency. It is true that the appellant’s counsel did not request the court to charge the jury on the law in regard to emergency, but the circumstances were such that the court could not properly charge the jury on the law basically involved in this case without doing so. The fact that the court so charged as to another defendant, but not as to appellant, magnified the prejudice to him.